UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE C. FLEWELLEN, | No. C 07-427 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES TILTON, | |
| Respondent. | |

## INTRODUCTION

Reggie C. Flewellen filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's unopposed motion to dismiss the petition as time-barred. Respondent's motion will be granted and the action will be dismissed.

## BACKGROUND

Flewellen pled guilty and was convicted in San Francisco County Superior Court of attempted second degree robbery with a sentence enhancement for a firearm. On June 14, 2002, he was sentenced to eleven years and four months in state prison. He did not appeal.

Flewellen signed his first state habeas petition on October 19, 2004, and for purposes of this motion will be deemed to have filed it on that day. His last state habeas petition was denied by the California Supreme Court on November 29, 2006.

The petition in this action was stamped "filed" on January 23, 2007. The habeas petition was deemed filed January 11, 2007, the date of the proof of service for the petition. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (unrepresented prisoner's federal habeas

petition is deemed filed when prisoner delivers petition to prison authorities for mailing), <u>vacated and remanded on other grounds</u>, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Flewellen's conviction became final on August 13, 2002, 60 days after the imposition sentence and the date on which the time to file a notice of appeal expired. <u>See</u> Cal. Rule of Court 8.308(a) (formerly Rule 30.1). The presumptive deadline for Flewellen to file his federal petition was August 13, 2003. He missed that deadline by more than three years, so unless he is entitled to some tolling, his petition is time-barred.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). By the time Flewellen's first state petition was filed on October 19, 2004, the limitations period had already ended so he receives no statutory tolling for the state habeas petitions. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitations period also may be equitably tolled when extraordinary circumstances beyond a petitioner's control have prevented him from timely filing the petition. <u>See</u> <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if

2

extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). Flewellen offers no evidence or argument in favor of equitable tolling in his case.

The limitations period expired on August 13, 2003. Flewellen's petition was deemed filed on January 11, 2007. He missed the deadline for filing his federal petition by more than three years. His petition must be dismissed as untimely.

Finally, the court notes that respondent's counsel made a math error. The motion argues that Flewellen was sentenced on June 14, 2002, and his conviction "became final on July 15, 2002, 60 days after sentence was imposed." Motion, p. 3. Even a casual reader would see that 60 days after June 14 could not be a date in July. This math error has not caused any harm this time; however, counsel are urged to consider carefully the information they provide to the court, since it could have serious consequences, particularly in pro se cases.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 8.) This action is dismissed because the petition was not filed before the expiration of the habeas statute of limitations period. The clerk will close the file.

IT IS SO ORDERED.

DATED: December 17, 2007

SUSAN ILLSTON
United States District Judge